UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

ERIC ANSARA and STEPHEN VENSOR,

                Plaintiffs,

v.

GENERAL MOTORS, LLC,

                Defendant.
_____/

Case No. 22-cv-
Hon.

ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiffs
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiffs, Eric Ansara and Stephen Vensor, by and through their attorneys, Stempien Law, PLLC hereby complain against Defendant General Motors, LLC and in support thereof state:

1. Plaintiff Eric Ansara ("Ansara") is a resident of the Township of Canton, Wayne County, Michigan.

2. Plaintiff Stephen Vensor ("Vensor") is a resident of the City of Jefferson City, Cole County, Missouri.

1

3. Defendant General Motors, LLC ("GM" or "Defendant") is a foreign limited liability company with its principal place of business located in the City of Detroit, Wayne County, Michigan.

4. The events giving rise to this action occurred in Wayne County, Michigan.

5. Jurisdiction is vested with this Court pursuant to 5 USC § 2108 and 28 USC § 1331.

6. This Court has supplemental jurisdiction over the parties' the state law claims pursuant to 28 USC § 1367.

## GENERAL ALLEGATIONS

7. Ansara was employed with GM as a General Supervisor until his discharge in September 2019.

8. Ansara began his employment with GM in May 2000.

9. Ansara is currently 55 years old.

10. Throughout his employment with GM, Ansara was a productive, high performing employee.

11. Throughout his employment with GM, Ansara received excellent performance reviews.

12. In May 2000, Ansara began his employment at GM's Willow Run Parts Distribution Center, where he worked until 2012.

13. In 2012, Ansara was transferred to GM's Pontiac Distribution Center.

14. In 2017, Ansara was transferred from GM's Pontiac Distribution Center back to the Willow Run facility, located in Belleville, Michigan.

15. Vensor began his employment with GM in January 1997.

16. Vensor is currently 56 years old.

17. Throughout his employment with GM, Vensor was a productive, high performing employee.

18. In March 2002, Vensor was called into active-duty military service in the United States Army as the result of the commencement of the Global War on Terrorism/President George W. Bush's National Emergency Declaration.

19. From March 2002 until June 2018, Vensor served as an active-duty officer in the United States Army, deployed to Kuwait, Iraq, Qatar and Jordan.

20. Vensor was honorably discharged from active-duty service in 2018.

21. In June 2018, Vensor resumed his career with GM.

22. In June 2018, Vensor was brought back to GM as an Operations Supervisor and was assigned to the Willow Run Parts Distribution Center.

23. Had Vensor been continuously employed with GM from 2002 to 2018, he would have been promoted to the level of General Supervisor, or higher, with the concomitant salary increases. Prior to his return to work with GM in January 2018, Vensor was promised by his Regional Director that he would be promoted within six months of his return.

24. Despite its promises, GM never promoted Vensor following his return from active-duty military service.

25. In March 2019, GM attempted to update its parts distribution system software, which was a total failure.

26. In April 2019, GM learned that its Pontiac regional distribution center was unable to unload many truckloads of parts into that warehouse due to the failure of the updated parts distribution center system software.

27. Those trailers were then relocated to GM's other distribution centers, but primarily to the Willow Run facility, which almost quadrupled the number of parts to be distributed by the workers at the Willow Run center.

28. From April 2019 through August 2019, Ansara was sending regular emails and text messages to his supervisor Sabrina Hale, the Plant Manager, indicating that the Willow Run 2nd shift was unable to process the overwhelming number of customer/dealer orders remaining in the queue and orders that could not be shipped.

29. GM uses a Warehouse Management System ("WMS") to process the distribution of motor vehicle parts.

30. Most of the parts being distributed by the Willow Run facility are sent to GM dealerships for motor vehicle repairs.

31. At the beginning of each shift, the supervisors, including Ansara and Vensor, received reports from the WMS system stating how many parts are in the queue and waiting to be placed into an Order Extract for that shift.

32. The WMS system then prints labels for each of the parts that are to be shipped.

33. The hourly employees at Willow Run facility then affix the labels to the corresponding packages containing the parts to be shipped to the dealerships.

34. Once the Order Extracts are load closed, the customers/dealerships are charged for the parts.

35. If the parts do not ship on the same day as they are load closed, the customers/dealerships are charged for parts that they did not receive with that particular shipment.

36. In August 2019, Ansara and Vensor were told that they were under investigation for erroneously billing dealerships for parts that were not shipped on the same date as the label.

37. In September 2019, Ansara and Vensor were discharged from their employment at GM for "erroneously billing dealerships".

38. However, the practice of not shipping on the same date as load close had been occurring on other shifts, as well as at GM's Pontiac facility. None of

the employees on other shifts or at GM's Pontiac facility were discharged for engaging in the same acts as Ansara and Vensor.

39. Both Ansara and Vensor were replaced by employees who are much younger than them.

40. After Ansara's and Vensor's discharge, the much younger supervisors who replaced them continued the practice of not shipping all labeled packages on the same day that the OE was load closed. The much younger supervisors who replaced Plaintiffs were not discharged nor disciplined in any manner for engaging in the same acts and/or omissions as Plaintiffs.

## COUNT I
## VIOLATION OF USERRA – PLAINTIFF VENSOR

41. Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein.

42. Pursuant to the Uniformed Services Employment and Reemployment Rights Act (USERRA), 5 USC §4316, Plaintiff Vensor was "entitled to the seniority and other rights" that he had on the date of commencement of service, "plus the additional seniority and rights and benefits that" he "would have attained" if he had remained continuously employed.

43. Had Plaintiff Vensor not been deployed into active duty from 2002 to 2018, he would have attained the position of General Supervisor or Plant Manager by June 2018.

44. GM recognized this fact by promising Plaintiff Vensor that he would be promoted within six months of his return to work.

45. However, GM not only did not place Plaintiff Vensor into the General Supervisor or Plant Manager role, it failed to fulfill its promise to promote Vensor within six months of his return.

46. Instead, GM discharged Vensor from his employment in September 2019 in order to avoid its duties under USERRA.

47. As a direct and proximate result of Defendant's violation of USERRA, Plaintiff Vensor suffered damages, including, but not limited to: lost past and future wages, lost past and future employment benefits and emotional distress.

## COUNT II
## VIOLATION OF ELLIOT LARSEN CIVIL RIGHTS ACT
## AGE DISCRIMINATION – PLAINTIFF ANSARA

48. Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein.

49. Ansara is a member of a protected class based on his age, 55 years.

50. Ansara was qualified for the position of General Supervisor at GM's Willow Run Parts Distribution Center.

51. Ansara suffered an adverse employment action when he was discharged from his employment with GM in September 2019.

52. Ansara's age was a significant and motivating factor in GM's decision to terminate his employment.

53. As a direct and proximate result of GM's violation of the Elliot Larsen Civil Rights Act, Plaintiff Ansara has suffered damages, including, but not limited to: lost past and future wages, lost past and future employment benefits, loss of earning capacity and emotional distress.

### COUNT III
### VIOLATION OF ELLIOT LARSEN CIVIL RIGHTS ACT
### AGE DISCRIMINATION – PLAINTIFF VENSOR

54. Plaintiffs hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein.

55. Vensor is a member of a protected class based on his age, 55 years.

56. Vensor was qualified for the position of Operations Supervisor at GM's Willow Run Parts Distribution Center.

57. Vensor suffered an adverse employment action when he was discharged from his employment with GM in September 2019.

58. Vensor's age was a significant and motivating factor in GM's decision to terminate his employment.

59. As a direct and proximate result of GM's violation of the Elliot Larsen Civil Rights Act, Plaintiff Vensor has suffered damages, including, but not limited

to: lost past and future wages, lost past and future employment benefits, loss of earning capacity and emotional distress.

WHEREFORE, Plaintiffs Eric Ansara and Stephen Vensor pray that this Honorable Court enter a judgment in their favor against Defendant General Motors, LLC in an amount that this Court deems fair and just, plus costs, interest and attorney fees.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury of the within cause.

>STEMPIEN LAW, PLLC
>
>*/s/ Eric Stempien*
>By: Eric Stempien (P58703)
>Attorney for Plaintiffs

Dated: April 5, 2022