UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN VENSOR,

    Plaintiff,

v.

GENERAL MOTORS, LLC,

    Defendant.
_____ /

Case No. 22-10722

F. Kay Behm
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO
ENFORCE SETTLEMENT AGREEMENT AND DISMISS
PLAINTIFF'S COMPLAINT WITH PREJUDICE (ECF NO. 22)**

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

This case is before the court on Defendant General Motors' motion to enforce the parties' settlement agreement and dismiss Plaintiff's complaint with prejudice, filed August 15, 2023. (ECF No. 22). Plaintiffs Eric Ansara and Stephen Vensor filed their initial complaint against General Motors on April 5, 2022, alleging violations of the Uniformed Services Employment and Reemployment Rights Act (USERRA) (Count I) and age discrimination in violation of Michigan's Elliot Larsen Civil Rights Act (ELCRA) (Count II, III). (ECF No. 1). On May 9, 2022, District Judge George Caram Steeh found that the court could not exercise supplemental jurisdiction over Plaintiff Ansara's state law claim and dismissed

1

Count II, leaving Plaintiff Vensor as the sole remaining Plaintiff. (ECF No. 8). This case was initially before Judge Steeh, but was reassigned to the undersigned on February 6, 2023.

On June 26, 2023, the parties attended a "private mediation with the retired Hon. James Rashid" where they "came to a verbal agreement on the material terms." (ECF No. 22, PageID.118). Their resolution was documented in an initial term sheet,[1] which was later signed by both Vensor and his attorney. (*See* ECF No. 22-1, Term Sheet). The term sheet states the total amount of the settlement that will be paid to Vensor by General Motors and "represents a full, final and complete settlement and release of any and all claims against Defendant, its agents, servants and employees, known or unknown, including but not limited to those arising from the incidents pled or which could have been pled in the above referenced matter." *Id.*

On June 30, 2023, Vensor's attorney emailed opposing counsel to inform them that Vensor was exercising his right to revoke his acceptance of the

---

[1] General Motors argues this term sheet contained all the material terms of the settlement agreement, but "required some additional edits to non-material terms that were mistakenly not included prior to Plaintiff signing to reflect the full extent of the parties' verbal agreement." (ECF No. 22, PageID.118). Vensor has not yet signed the final, updated copy. *Id.*, PageID.119.

settlement agreement pursuant to the Age Discrimination in Employment Act (ADEA) and the Older Workers Benefit Protection Act (OWBPA).  (ECF No. 22, PageID.119; *see also* ECF No. 22-2, emails between counsel).  General Motors now asks the court to enter an order enforcing the signed settlement agreement and dismissing the case.  *Id.* PageID.118.  A hearing was held on this motion on October 4, 2023, and both parties participated in oral argument.  (*See* ECF No. 25).  For the reasons stated below, the court agrees that the settlement agreement between the parties is binding, and Vensor has no right to revoke his acceptance.

**II.   ANALYSIS**

   A.   <u>Existence of a Binding Settlement Agreement</u>

The Sixth Circuit has long recognized that a district court has the inherent authority to enforce settlements in pending litigation.  *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001).  Before a court can enforce a settlement agreement, however, it must be determined that an agreement has been reached on all material terms.  *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988).  Whether the parties reached an agreement is a question of fact to be decided by the district court.  *Moore v. U.S. Postal Serv.*, 369 F. App'x 712, 717 (6th Cir. 2010) (citing *RE/MAX*, 271 F.3d at 645-46).

3

Because settlement agreements are a type of contract, they are governed by and reviewed under state contract law. *Bamerilease Capital Corp. v. Nearburg,* 958 F.2d 150, 152 (6th Cir. 1992). Under Michigan law, a contract requires an offer, acceptance, and mutual asset or a "meeting of the minds" on all essential terms. *Kloian v. Domino's Pizza L.L.C.*, 273 Mich. App. 449, 452-53 (2006) (citations omitted). An offer is the "manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Id.* at 453. Acceptance requires an individual to manifest an intent to be bound by the offer by "voluntarily undertaking some unequivocal act sufficient for that purpose." *Id*. Unless acceptance is unambiguous and in strict conformance with the offer, no contract is formed. *Clark v. Al-Amin,* 309 Mich. App. 387, 394 (2015).

In this case, the parties do not contest that a valid settlement agreement was reached, as memorialized in the term sheet. (ECF No. 22-1). The term sheet represents a valid offer. *Id.* The term sheet is signed by both Plaintiff Vensor and his counsel, Eric Stempien, indicating his acceptance of the offer*. Id.* Additionally, neither party contests that there was a valid "meeting of the minds" on all essential terms of the contract. *Kloian*, 273 Mich. App. at 452-53. Likewise, the

4

settlement agreement is valid and must be enforced by the court unless Vensor exercised a valid right to revoke his acceptance.

      B.      <u>Right to Revoke Acceptance</u>

Under the OWBPA, "an employee 'may not waive' an ADEA claim unless the waiver or release satisfies the OWBPA's requirements." *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 426-27 (1998). Specifically, the waiver must be both "knowing and voluntary," which is defined by the statute to require, in part, that an individual is given "a period of at least 21 days within which to consider the agreement." 29 U.S.C. § 626(f)(1)(F). To be "knowing and voluntary," there must also be a "period of at least 7 days following the execution of such agreement, [in which] the individual may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired." 29 U.S.C. § 626(f)(1)(G). The "knowing and voluntary" protections included in the OWBPA do not apply to all claims for age discrimination, only claims brought under the ADEA. *See Hank v. Great Lakes Constr. Co.*, 790 F. App'x 690, 700 (6th Cir. 2009) (Finding the OWBPA's protections were irrelevant where the plaintiff had "not alleged any violation of the ADA, and…does not argue that Ohio Rev. Code § 4112 incorporates the OWBPA's protections."); *Chaplin v.*

5

*NationsCredit Corp.*, 307 F.3d 368, 375 (5th Cir. 2002) ("the OWBPA applies only to ADEA claims, and no others.").

General Motors argues, and Vensor concedes, that his current complaint does not bring a claim under the ADEA, and only brings claims for violation of USERRA and age discrimination under Michigan's ELCRA.  (ECF No. 23, PageID.145).  However, Vensor argues that the term sheet's waiver language is broad enough to encompass any "potential ADEA claim[s]" that could be brought in the future.  *Id.*, PageID.146.

Under the OWBPA, an ADEA claim cannot be brought "until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission (EEOC)."  29 U.S.C. § 626(d)(1).  A charge must be filed with the EEOC either "(A) within 180 days after the alleged unlawful practice occurred; or (B) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination proceedings under State law, whichever is earlier."  *Id.*  Once a charge is filed, "[a] civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice."  29 U.S.C. § 626(d)(1).  In this case, Vensor filed a charge with the EEOC on March

6

19, 2020, (ECF No. 22-5, PageID.143), and filed the present lawsuit on April 5, 2022. (ECF No. 1). Given that an ADEA claim must be brought within 90 days, Vensor was already well outside of the time period to bring a timely claim.

The "knowing and voluntary" requirements in the OWBPA were included specifically "to ensure that workers did not carelessly waive a potential ADEA claim." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 375 (5th Cir. 2002) (citing *Oubre*, 522 U.S. at 426-27) ("The OWBPA implements Congress' policy via a strict, unqualified statutory structure on waivers."). However, a plaintiff cannot be characterized as "carelessly" waiving an ADEA claim where they did not, and could not in the future, bring an ADEA claim. Likewise, Vensor's acceptance of the settlement agreement must only comply with traditional contract law. As discussed above, the parties entered into a valid settlement agreement, which Vensor signed. The court will exercise its "inherent authority" and enforce the parties' agreement. *See Re/MAX Int'l Inc.*, 271 F.3d at 646.[2]

---

[2] While it has not been directly addressed in the Sixth Circuit, other courts have held that, even if a party failed to comply with the OWBPA's safeguards, the settlement agreement may remain in effect "with respect to all but Plaintiff's ADEA claims." *Garcia v. St. Mary & All Angels Christian Church*, No. SACV1401692JVSRNBX, 2015 WL 13915448, at *1 (C.D. Cal. Aug. 10, 2015). Likewise, even if Vensor was eligible to bring an ADEA claim in the future, the remainder of the settlement agreement would likely continue to be valid outside of his waiver of ADEA claims.

7

## III. CONCLUSION

For the reasons stated above, the parties entered into a valid settlement agreement. Vensor had no right to revoke his acceptance and, therefore, the agreement must be enforced. General Motors' motion is **GRANTED,** and this case is **DISMISSED** with prejudice.

For the first time, in General Motors' reply to Vensor's response they seek "costs and fees incurred in being forced to file this Motion, which Defendant currently estimates to be approximately $10,000." (ECF No. 24, PageID.150). General Motors fails to include any substantiating billing statements or law in support of their request. Likewise, this request is currently **DENIED.** If General Motors seeks an award of fees and costs, they must file a separate motion including all of the required documentation and citations to substantive law.

**SO ORDERED**.

Date: October 5, 2023                           s/ F. Kay Behm
                                                F. Kay Behm
                                                United States District Judge